UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

    *Plaintiff*,

v.

UNITED STATES PARK POLICE
1100 Ohio Dr., SW
Washington, DC 20242

    *Defendant.*

CIVIL ACTION NO. 24-1662

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Park Police ("USPP") to make final determinations and disclose records that PEER requested pursuant to FOIA that are now between three months and one year overdue for a final determination..

2. In 2023 and 2024, PEER submitted the FOIA requests described below to USPP for records regarding annual statistics, namely:

    a. **Assaults Against Employees Calendar Year ("CY") 2022**: PEER submitted a FOIA request on April 13, 2023, for a summary of all incidents of violence, threats, or harassment against USPP employees that occurred in CY 2022. The request was assigned tracking number DOI-NPS-2023-003947. USPP has failed to make a final determination or produce any records with respect to this request.

    b. **Assaults Against Employees CY 2023**: PEER submitted a FOIA request on January 11, 2024, for a summary of all incidents of violence, threats, or harassment against USPP employees that occurred in CY 2023. The request was assigned tracking number DOI-NPS-2024-000443. USPP has failed to make a final determination or produce any records with respect to this request.

3. To date, Defendant has failed to make a final determination on PEER's FOIA requests and has failed to disclose all of the requested records within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates

and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

9. Defendant USPP is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. USPP is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of USPP to provide PEER with the records requested and its failure to make a final determination on PEER's various FOIA requests within 20 working days are violations of FOIA.

## STATEMENT OF FACTS

*Assaults Against Employees CY 2022*

11. On April 13, 2023, PEER submitted a FOIA request seeking the following:

    a. A summary of all incidents of violence, threats, or harassment against USPP employees that occurred in calendar year 2022. The summary should include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident or threat (e.g., arrest, conviction, ongoing investigation).

12. Later that same day, PEER received a message stating that the request submission was "Submitted" and assigned tracking number DOI-NPS-2023-003947.

13. On April 17, 2023, PEER received a message stating that its Fee Waiver request was determined to be not applicable as the request was not billable.

14. On April 20, 2023, PEER received an Acknowledgement Letter, stating the request was on the "Normal" processing track.

15. On August 24, 2023, PEER sent an email to USPP asking for an update. USPP did not respond.

16. On September 14, 2023, PEER received email messages stating that its request was "Received" and "Assigned for Processing."

17. On April 11, 2024, PEER sent an email to USPP asking for an update.

18. On April 29, 2024, USPP responded to PEER stating that the request is currently awaiting a response from the subject matter experts on search for records. USPP could not provide a date for production.

19. On May 28, 2024, PEER sent an email to USPP stating its intention to file a FOIA complaint.

20. To date, PEER has not received a final determination, nor any records related to this request.

*Assaults Against Employees CY 2023*

21. On January 11, 2024, PEER submitted a FOIA request seeking the following:

    a. A summary of all incidents of violence, threats, or harassment against USPP employees that occurred in calendar year 2023. The summary should include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident or threat (e.g., arrest, conviction, ongoing investigation).

22. Later that same day, PEER received messages stating that the request submission was "Received," "Assigned for Processing," and assigned tracking number DOI-NPS-2024-000443.

23. On April 11, 2024, PEER sent an email to USPP asking for an update. USPP did not respond.

24. On May 28, 2024, PEER sent an email to USPP stating its intention to file a FOIA complaint.

25. To date, PEER has not received a final determination, nor any records related to this request.

**CAUSE OF ACTION**

26. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

28. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

29. Twenty working days from PEER's requests are as follows:

    - Assaults Against Employees CY 2022 request of April 13, 2023 (DOI-NPS-2023-003947): May 11, 2023

    - Assaults Against Employees CY 2023 request of January 11, 2024 (DOI-NPS-2024-000443): February 8, 2024

30. USPP did not claim that "unusual circumstances" warranted the ten-working-day extension available under 5 U.S.C. § 552(a)(6)(B)(i) for either request. Regardless, it would have had until May 25, 2023, and February 22, 2024, respectively, to comply with the requests.

31. As of the date of this filing, PEER has not received a final determination on its FOIA requests and USPP has not made the records "promptly available." USPP's responses to the FOIA requests described above are now between three months and 1 year overdue.

32. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA requests described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

33. Defendant's conduct amounts to a denial of PEER's FOIA requests. USPP is frustrating PEER's efforts to adequately understand how USPP manages its resources and operations.

34. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the USPP to immediately produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

35. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;
 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;
iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;
 iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 7, 2024,

        __/s/  *Colleen Teubner*_____
Colleen E. Teubner, DC Bar # 90003410
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff*